**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| REJEANA FREEMAN, as personal representative of the Estate of Harley Richard Reel, Jr., deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-07-452-M |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is defendant's Motion to Strike Barbara Martin Affidavit of May 2, 2008, filed May 16, 2008.  On May 23, 2008, plaintiff filed her response.  Also before the Court is defendant's Motion in Limine on Expert Barbara Martin's Testimony, filed April 15, 2008.  On May 5, 2008, plaintiff filed her response, and on May 16, 2008, defendant filed its reply.

I.    Introduction

Harley Richard Reel, Jr. was admitted to the Veteran's Administration Medical Center ("VA") on September 6, 2005.  He improved and was being prepared for discharge until he choked on his food and became apneic.  During his recovery from the apneic episode, a Dobbhoff feeding tube was placed to provide feedings.  Additionally, during his recovery, Mr. Reel was confused and agitated and often pulled at his tubes and lines, including his Dobbhoff tube.  As a result, two-point restraints were ordered.  Although Mr. Reel was known to pull at his tubes and lines, he continued to receive continuous tube feedings.

VA Nurse Rebecca Vaillancourt came on shift at approximately 8:00 a.m. on September 26, 2005 and performed an initial evaluation of Mr. Reel.  She found thick yellow secretions (aspiration) coming from Mr. Reel's mouth.  Mr. Reel was obtunded; his pupils were nonreactive, and he was

flaccid.  Mr. Reel's tube feedings were immediately stopped, and his airway was suctioned free of

the aspirant.  Unfortunately, Mr. Reel died a few hours later.  Mr. Reel's cause of death, as listed

on the Death Certificate, was respiratory failure which occurred as a result of aspiration.

II.    Motion to Strike

Defendant moves to strike the May 2, 2008 Affidavit of Barbara Martin, plaintiff's nursing

expert witness, which was attached to plaintiff's Response to Defendant's Motion for Summary

Judgment.  Defendant asserts that the opinions contained in the affidavit extend beyond the scope

of Ms. Martin's Federal Rule of Civil Procedure 26 expert report and the affidavit does not contain

the basis and reasons for the new opinions set forth therein.

In her Rule 26 expert report, Ms. Martin states, in part:

> In summary, the departures from accepted standards of care are: (1)
> the failure to provide the necessary continuous supervision and
> monitoring of Mr. Reel, or at the least, more frequent supervision and
> monitoring; (2) the failure to appropriately document the supervision
> and monitoring of Mr. Reel; and, (3) the failure to provide an
> appropriate and safe method of feeding Mr. Reel.  These departures
> led to Mr. Reel's aspiration and death.

Rule 26 Expert Report of Barbara Martin, attached as Exhibit 1 to defendant's motion to strike.  In

her May 2, 2008 affidavit, Ms. Martin states, in pertinent part:

> I.
> That Mr. Reel's Death Certificate which has been
> signed by a physician clearly establishes that Mr.
> Reel's death occurred as a result of respiratory failure
> secondary to aspiration.
> II.
> That VA nurses departed from accepted standards of
> nursing care by, among other things, failing to
> appropriately supervise and monitor Mr. Reel.
> III.

2

That the appropriate nursing intervention for aspiration is to clear the aspirant from the patient's airway via suction.

IV.

That, if Mr. Reel had been closely supervised and monitored by VA nurses, the aspiration, to a reasonable degree of probability, would have been promptly observed and to a reasonable degree of probability, Mr. Reel's airway would have been cleared with suction.

V.

That if Mr. Reel's airway had been cleared of aspirant, he would not have suffered a respiratory arrest secondary to aspiration.

May 2, 2008 Affidavit of Barbara Martin, attached as Exhibit 5 to Plaintiff's Response to Defendant's Motion for Summary Judgment and Brief in Support.

Defendant contends that sections III, IV, and V are new opinions that were not disclosed in the Rule 26 expert report. Specifically, defendant contends that Ms. Martin is introducing new opinions regarding suctioning Mr. Reel's airways which were not previously disclosed and that in her deposition, Ms. Martin testified that she was not going to be rendering an opinion on causation but in her affidavit, she does just that.

In her response, plaintiff states that she has not contended and is not now contending there was a breach of the standard of care relating to the suctioning of Mr. Reel's airway. Accordingly, in light of plaintiff's statement, the Court finds that, to the extent defendant's motion to strike is based upon new opinions regarding suctioning, defendant's motion is moot. Regarding Ms. Martin's opinion on "causation," plaintiff states that while there was apparently some confusion on the part of defendant's counsel at Ms. Martin's deposition, Ms. Martin has never indicated that she was not going to be rendering an opinion on whether the lack of nursing supervision led to Mr. Reel's death.

Having carefully reviewed Ms. Martin's Rule 26 expert report, the May 2, 2008 affidavit of Ms. Martin, and the deposition testimony of Ms. Martin which is at issue, the Court finds that Ms. Martin's opinions on "causation," which are set forth in her May 2, 2008 affidavit, are not new opinions but are opinions which are implicit in her Rule 26 expert report. Further, the Court finds that in her deposition testimony, Ms. Martin did not, in fact, testify that she would not be rendering the opinion on "causation" which she is rendering in her affidavit.[1] There are three different "causation" issues at play in the instant case: (1) Mr. Reel's cause of death, which neither party disputes; (2) how the Dobbhoff feeding tube became displaced which caused the aspiration which caused Mr. Reel's death, which neither party knows; and (3) whether the alleged lack of nursing supervision was a substantial factor in bringing about Mr. Reel's death, the issue which Ms. Martin's opinion addresses. Ms. Martin's deposition testimony, in which she stated that "I don't think we know the cause; no one knows the cause," addresses the second "causation" issue set forth above, not the third "causation" issue. Additionally, the opinions set forth in Ms. Martin's expert report clearly address the third "causation" issue set forth above. Finally, because defendant has been aware of Ms. Martin's opinion that the lack of nursing supervision led to Mr. Reel's death since it received Ms. Martin's expert report, the Court finds that allowing Ms. Martin's affidavit to be used in support of plaintiff's response to defendant's motion for summary judgment would not be prejudicial to defendant.

---

[1]The Court would note that based upon the nature of the question asked, Ms. Martin's deposition testimony is somewhat confusing. However, in light of the clear distinctions being made between various "causes" of Mr. Reel's death, the Court finds any confusion in Ms. Martin's testimony is substantially minimized.

Accordingly, the Court finds that the May 2, 2008 affidavit of Ms. Martin should not be stricken.

III.   Motion in Limine

In its motion, defendant requests the Court to exclude any testimony by plaintiff's expert Barbara Martin regarding the medical standard of care issues for physicians – duty and breach of duty.  In her response, plaintiff states that Ms. Martin will not give opinion testimony concerning a physician's standard of care.  Accordingly, the Court finds that defendant's motion in limine is moot as to this issue.

Additionally, for the same reasons set forth in its motion to strike, defendant requests the Court to exclude any testimony by Ms. Martin regarding causation.  For the reasons set forth above, the Court finds that testimony by Ms. Martin regarding causation, to the extent that Ms. Martin testifies regarding whether the alleged lack of nursing supervision was a substantial factor in bringing about Mr. Reel's death, should not be excluded.  The Court, therefore, finds that defendant's motion in limine should be denied as to this issue.

IV.   Conclusion

Accordingly, for the reasons set forth above, the Court DENIES defendant's Motion to Strike Barbara Martin Affidavit of May 2, 2008 [docket no. 40] and defendant's Motion in Limine on Expert Barbara Martin's Testimony [docket no. 34].

**IT IS SO ORDERED this 2nd day of June, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

5