**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| REJEANA FREEMAN, as personal representative of the Estate of Harley Richard Reel, Jr., deceased, )))) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-07-452-M |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This case is scheduled for trial on the Court's June 2008 trial docket.

Before the Court is defendant's Motion for Summary Judgment, filed April 15, 2008. On May 5, 2008, plaintiff filed her response, and on May 16, 2008, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

Plaintiff's decedent, Harley Richard Reel, Jr., was admitted to the Veteran's Administration Medical Center ("VA") on September 6, 2005. He improved and was being prepared for discharge until he choked on his food and became apneic. During his recovery from the apneic episode, a Dobbhoff feeding tube was placed to provide feedings. Additionally, during his recovery, Mr. Reel was confused and agitated and often pulled at his tubes and lines, including his Dobbhoff tube. As a result, two-point restraints were ordered. Although Mr. Reel was known to pull at his tubes and lines, he continued to receive continuous tube feedings.

VA Nurse Rebecca Vaillancourt came on shift at approximately 8:00 a.m. on September 26, 2005 and performed an initial evaluation of Mr. Reel. She found thick yellow secretions (aspiration) coming from Mr. Reel's mouth. Mr. Reel was obtunded; his pupils were nonreactive, and he was

flaccid. Mr. Reel's tube feedings were immediately stopped, and his airway was suctioned free of the aspirant. Unfortunately, Mr. Reel died a few hours later. Mr. Reel's cause of death, as listed on the Death Certificate, was respiratory failure which occurred as a result of aspiration.

On April 18, 2007, plaintiff filed the instant medical malpractice action against defendant. Defendant now moves for summary judgment.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    Discussion

To establish a prima facie case of medical malpractice, a plaintiff must show: "(1) a duty owed by the defendant to protect the plaintiff from injury, (2) a failure to properly exercise or perform that duty and (3) the plaintiff's injuries are proximately caused by the defendant's failure to exercise his duty of care." *McKellips v. Saint Francis Hosp., Inc.*, 741 P.2d 467, 470 (Okla. 1987).

Defendant asserts that plaintiff has failed to produce any evidence showing that Mr. Reel's death was proximately caused by defendant's failure to exercise its duty of care.[1] The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds plaintiff has submitted sufficient evidence to create a genuine issue of material fact as to whether Mr. Reel's death was proximately caused by defendant's failure to exercise its duty of care. In fact, plaintiff has submitted an affidavit from Barbara Martin, plaintiff's nursing expert witness, which states, in part, that "if Mr. Reel had been closely supervised and monitored by VA nurses, the aspiration, to a reasonable degree of probability, would have been promptly observed and to a reasonable degree of probability, Mr. Reel's airway would have been cleared with suction" and that "if Mr. Reel's airway had been cleared of aspirant, he would not have suffered a respiratory arrest secondary to aspiration." The Court, therefore, finds that summary judgment should not be granted.

---

[1] For purposes of summary judgment, defendant does not contest that plaintiff has satisfied the first and second elements of her prima facie case.

IV.	Conclusion

Accordingly, for the reasons set forth above, the Court DENIES defendant's Motion for Summary Judgment [docket no. 35].

**IT IS SO ORDERED this 2nd day of June, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE